*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA LIXEY,

      Plaintiff-Appellant,

v

L&M LEASING, INC.,

      Defendant-Appellee,

and

MI FLOAT, INC.,

      Defendant.

UNPUBLISHED
March 23, 2023

No. 361603
Midland Circuit Court
LC No. 20-007168-NO

Before: GLEICHER, C.J., and O'BRIEN and MALDONADO, JJ.

GLEICHER, C.J. (*concurring*).

I concur with the result reached by the majority, but write separately to offer a slightly different analysis.

Plaintiff Sandra Lixey opened a door adjacent to a handwritten sign reading "bathroom," with an arrow she assumed pointed toward the door. The door was unlocked. A light illuminating the area behind the door was broken. The door led to a stairway without a landing. Lixey stepped into what she thought was a bathroom, fell down the stairs, and suffered a serious injury.

Defendant L&M Leasing, Inc., owned the building. Lixey was on the premises for treatment with defendant MI Float, Inc., which leased office space in L&M's building. The sole issue presented is whether L&M had notice of conditions on the premises that Lixey identifies as defective and dangerous: the door, the light, and the stairs.

As the majority describes, unrebutted record evidence demonstrates that MI Float created the dangerous conditions that resulted in Lixey's injury. Three days before the fall, an MI Float employee left the basement door unlocked and the light on, which burned out at some point before the accident. An MI Float employee made and posted the sign. L&M's summary disposition

-1-

motion asserted that it had no notice of these defects. The burden then shifted to Lixey to produce evidence or to identify a reasonable inference that L&M possessed actual or constructive notice of the dangers that led to her injury. See *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10; 890 NW2d 344 (2016).

Lixey has presented no evidence supporting that L&M knew or should have known of the unlocked door, the misleading sign, or the unlit stairway. No evidence suggests that L&M inspected the premises, visited the premises, or had a duty to inspect the premises during the three days before the accident. Perhaps this is why Lixey's brief on appeal does not address notice. Instead, Lixey's brief focuses on L&M's access to and control of the basement. Lixey convincingly establishes that L&M retained possession and control of the basement. The basement, however, was not defective or dangerous. L&M's possession and control of the basement had no bearing on Lixey's injury. I would affirm on this ground.

Elizabeth L. Gleicher